UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARIA SANTIAGO,

    Plaintiff,

v.

CHIPOTLE SERVICES, LLC,

    Defendant.

No. 2:17-cv-02350-MCE-AC

**ORDER**

By way of this action, Plaintiff Maria Santiago ("Maria") seeks to recover for injuries sustained when she was terminated from her employment with Defendant Chipotle Services, LLC, ("Defendant") after purportedly requesting accommodations for her alleged physical disability.[1] Presently before the Court is Defendant's Motion for Summary Judgment (ECF No. 16) by which it argues that primarily that: (1) "Plaintiff's Disability Discrimination, Failure to Accommodate, Failure to Engage in the Interactive Process, and Wrongful Termination Claims Fail because Plaintiff was not disabled"; and (2) her retaliation and intentional infliction of emotional distress ("IIED") claims and her request for punitive damages, fail as a matter of law. Def.'s Mot., ECF Nos. 16-2, at 10,

---

[1] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

1

12, 16, 18. For the following reasons, that Motion is GRANTED in part and DENIED in part.[2]

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in

---

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

2

the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

///

A variety of factual disputes preclude entry of judgment in Defendant's favor on the bulk of the arguments before the Court.[3] The most fundamental example is that the record is far from clear that Plaintiff was not disabled at the time she sought accommodations from her immediate supervisor, Lafonda Mitev ("Mitev"). While Plaintiff had previously suffered a work-related injury and been released to return to work with no restrictions, she had repeatedly reported to Mitev a return of her pain, which it could be inferred derived from her prior injury. There is no evidence in the record that Mitev or any other of Defendant's leadership employees requested medical corroboration of Plaintiff's injury, and she was fired relatively shortly thereafter. Plaintiff was then seen by a physician who opined that she could lift no more than ten pounds and that she was required to take a ten-minute break every hour. A jury could thus conclude that Plaintiff suffered from a disability sufficient to support her claims.[4]

Defendant's punitive damages arguments also fail. Defendant contends that it cannot be liable for Mitev's actions because it has not been shown that she was Defendant's officer, director, or managing agent. See Cal. Civ. Code § 3294(b). That argument ignores evidence that Mitev's termination decision was purportedly approved by Mitev's superior, Patrick O'Ryan. Defendant has not offered any evidence regarding Mr. O'Ryan's role in Defendant's hierarchy, and thus questions remain for the jury as to whether his conduct can be attributed to Defendant for purposes of punitive damages.

///
///
///

---

[3] Plaintiff concedes that she is no longer pursuing a retaliation claim under California Labor Code 132a and she failed to provide evidence supporting her IIED claim. Accordingly, Defendant's Motion is GRANTED as to both of those causes of action.

[4] Since the facts do not support entry of judgment as a matter of law, the Court need not rule on Plaintiff's objections to Defendant's evidence. That said, the Court notes that medical records, among other documents, are not properly authenticated by counsel simply because they were offered at a deposition. At the very least, the Court would expect to see, if not a declaration from an author of a particular record, a citation to the portions of the deposition testimony where the particular records were actually authenticated. Nor can counsel authenticate or provide the foundation for Defendant's business records. Absent such evidence, Defendant's substantive arguments would fail in any event.

Accordingly, for all of the reasons just stated, Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: February 18, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE